IRA RECTOR v. THE STATE.

No. 17285. Delivered February 13, 1935.

The opinion states the case.

*A. H. Spann,* of Navasota, for appellant.

*L'oyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at death.

Appellant is charged by indictment with the murder of H. R. Jones.

A motion to quash the indictment was made upon the averment that in Grimes County the population is composed of eighty-fve per cent white people and fifteen per cent negroes or persons of African descent. No negroes or persons of Afri-

can descent were placed upon the jury commission, on the grand jury or upon the special venire. The plea is not verified, nor is it supported by any evidence. It appears that the court overruled the plea. In the absence of evidence introduced in support of the motion, the ruling of the trial court must be regarded as correct.

It appears from the statement of facts that appellant made a voluntary plea of guilty of the murder with which he is charged. The witness A. T. McKinney, Jr., a lawyer of Huntsville, Texas, testified that while in his office the appellant entered in company with J. L. Harrington, Sheriff of Grimes County. The sheriff stated that appellant wished to make a confession. This desire was verified by the statement of the witness McKinney. In the presence of the witness, the sheriff warned the appellant (giving him the statutory warning) that he did not have to make any statement at all; that any statement he might make could be used against him. Mark Hixons, J. C. Felder, Ralph Moody and others were present. Appellant made a statement which was reduced to writing at the time. It was identified by McKinney, Sheriff Harrington and others as a voluntary confession. It was signed by appellant in the presence of Oland Davis and L. S. Stampley.

According to the confession of the appellant, it appears that Jones, the deceased, conducted a store and filling station about three miles from the appellant's place of abode. Appellant had entered into an agreement with a negro woman named Blackshire that they were to live together. She had five dollars and appellant had only forty-one cents. She told appellant that he would have to get more money; that they were going to live in Bryan. Taking an axe with him, appellant went to the store of Jones. He reached there about midnight. After Jones had retired, appellant awakened him in order to buy some articles which he named. Being partly dressed, Jones went to the store. From the confession we quote: "Mr. Jones had a flashlight and went to the store door ahead of me and unlocked it. * * *I had the axe with me and carried it with me into the store when I followed Mr. Jones in there. I don't think Mr. Jones ever saw the axe. When Mr. Jones unlocked the store door I was behind him, and when he went in I followed him in. When we went into the store Mr. Jones went behind the counter and got the tomatoes and crackers. * * * I asked him if he had any safety razor blades. He said, yes he did. * * * I then gave Mr. Jones two quarters to pay for the tomatoes, crackers and razor blades, and Mr. Jones turned

around to get the change. He got the change for me. I had 15 cents coming. When Mr. Jones turned around to give me the change I struck him in the head with the axe. I struck him on top of the head. I struck him only one time. I killed Mr. H. R. Jones because I wanted to get money to go to Bryan with Erma Lee Blackshire."

Much more evidence is detailed in the confession. The corroborating circumstances are quite sufficient to demonstrate the truth of the confession. The sheriff found the money taken from the deceased in accord with the appellants' confession. The suit-case and other articles mentioned by the appellant were found. The axe described by appellant was left in the store. Its location was in accord with his statement. The wound upon the deceased was on top of the head as described. It was a fatal wound. The money and the suit-case were identified. There was blood on the floor and shelf of the store. There was blood on the axe and blood on the counter. The can of tomatoes, a box of crackers and a package of razor blades were on the counter. They were wrapped up. There were other corroborating facts which on the whole are deemed quite sufficient.

The brother of deceased testified for the State and described the condition of the deceased and the locality in which he lived. The deceased was a man sixty-one years of age. So far as shown, he had no enemies. The witness testified that on the night of the tragedy, about midnight, he heard some one call his brother and stated that he wanted to get some things from the store. He saw the door open. His brother and a man entered the store. He heard them talking. A short time afterwards the witness noticed the light in the store and called his brother. Receiving no answer, he called him several times. He then went to the store and found the deceased lying on the floor with a flashlight still burning in his hand. The head of the deceased had been split open with an axe.

The proceedings are regular and no fault has been perceived in the charge of the court.

Upon the record before us, we are constrained to affirm the judgment, which is accordingly done.

*Affirmed.*